1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   WESTERN DISTRICT OF WASHINGTON

8                              AT TACOMA

9   VIGILANT INSURANCE COMPANY, as              Case No. _____
    subrogee of John and Mary Rundle,
10
11              Plaintiff,
                                                 **NOTICE OF REMOVAL OF ACTION**
12        v.                                     **UNDER 28 U.S.C. § 1441(b)**
                                                 **(DIVERSITY)**
13  TECHTRONIC INDUSTRIES, CO. LTD.;
    TECHTRONIC INDUSTRIES NORTH
    AMERICA, INC.; ONE WORLD
14  TECHNOLOGIES, INC.; RYOBI ELECTRIC
    TOOL MFG., INC.; JOHN DOE
15  INDIVIDUALS 1-10; and JOHN DOE
    ENTITIES 1-10,
16
17              Defendants.

18        PLEASE TAKE NOTICE THAT Defendants Techtronic Industries North America,

19  Inc., and One World Technologies, Inc., ("Defendants") hereby give notice of removal of

20  the above-entitled civil action from the Superior Court of the State of Washington,

21  County of Clark, Case No. 18-2-05153-7, to the United States District Court for the

22  Western District of Washington, Tacoma Division.  Removal of this case is authorized

23  under 28 U.S.C. § 1441(b) based upon the following facts:

24  / / /

25  / / /

26

Page 1 -  **NOTICE OF REMOVAL OF ACTION UNDER 28**           Cosgrave Vergeer Kester LLP
          **U.S.C. § 1441(b) (DIVERSITY)**                    888 SW Fifth Avenue,
                                            4833-5819-1973Suite 500
                                                             Portland, OR 97204
                                                             (503) 323-9000

1                     **PROCEDURAL HISTORY**

2      1.      On or about March 13, 2018, Plaintiff Vigilant Insurance Company

3 commenced an action against Defendants by filing a summons and complaint in the

4 Clark County Superior Court.  True and correct copies of the summons and complaint

5 are attached hereto as **Exhibit A**.

6      2.      As of the date of filing of this Notice of Removal, no other pleadings,

7 process, or orders have been filed in the Superior Court, and no discovery or

8 substantive proceedings have been conducted in the Superior Court.

9      3.      To Defendants' knowledge, as of the date of filing of this Notice of

10 Removal, defendants Techtronic Industries Co., Ltd., and Ryobi Electric Tool Mfg., Inc.,

11 have not been served with process and have not otherwise appeared in this action.

12 Accordingly, their joinder in this Notice of Removal is not required.  *See Destfino v.*

13 *Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011).

14                          **JURISDICTION**

15      4.      Under 28 U.S.C. § 1332, this Court has original jurisdiction of this civil

16 action based on diversity of citizenship of the parties, and Defendants may remove the

17 action to this Court pursuant to 28 U.S.C. § 1441(b).  This is the district and division

18 embracing the place where the state court action is pending.

19                 **DIVERSITY OF CITIZENSHIP**

20      5.      At the time the action was filed in state court, Plaintiff was, and as of the

21 date of filing of this Notice of Removal remains, incorporated in the State of New York

22 with its principal place of business in New York, New York.  (Ex. A, Complaint, at ¶ 2.)

23      6.      At the time the action was filed in state court, Techtronic Industries North

24 America, Inc. was, and as of the date of filing of this Notice of Removal remains,

25 incorporated in the State of Delaware with its principal place of business in Anderson,

26 South Carolina.

**COSGRAVE VERGEER KESTER LLP**
888 SW Fifth Avenue,
4833-5819-1973 Suite 500
Portland, OR 97204
(503) 323-9000

1   7.  At the time the action was filed in state court, One World Technologies,

2 Inc. was, and as of the date of filing of this Notice of Removal remains, incorporated in

3 the State of Delaware with its principal place of business in Anderson, South Carolina.

4   8.  At the time the action was filed in state court, unserved defendant

5 Techtronic Industries Co., Ltd. was, and as of the date of filing of this Notice of Removal

6 remains, incorporated in Hong Kong with its principal place of business in Hong Kong.

7   9.  On information and belief, unserved defendant Ryobi Electric Tool Mfg.,

8 Inc. is no longer in existence.  As reflected in the records of the Secretary of State for

9 the State of Delaware, defendant Ryobi Electric Tool Mfg., Inc. was at one time

10 incorporated in Delaware; however, as of the date of filing of this Notice of Removal, it

11 has been merged out of existence.  A true and correct copy of the Entity Status Report

12 maintained by the Delaware Secretary of State for Ryobi Electric Tool Mfg., Inc. is

13 attached hereto as **Exhibit B**.

14          **<u>AMOUNT IN CONTROVERSY</u>**

15   10.  While Defendants deny any liability as to Plaintiff's claims, Plaintiff asserts

16 in its Complaint that it is seeking to recover "no less than $1,363,520.31" in this action,

17 well in excess of the $75,000 jurisdictional minimum.  (Ex. A, Complaint, at ¶ 19.)

18   11.  As shown herein, the requirements of 28 U.S.C. § 1332 are satisfied, as

19 there is complete diversity among the parties, and the amount in controversy exceeds

20 the sum or value of $75,000, exclusive of interest and costs.  Accordingly, this action is

21 properly removable to federal court pursuant to 28 U.S.C. §§ 1332 and 1441(a).

22          **<u>TIMELINESS OF REMOVAL</u>**

23   12.  Plaintiff's action commenced with the filing of a summons and complaint

24 on March 13, 2018.  These documents were served on Defendants on April 11, 2018.

25 Under 28 U.S.C. § 1446, Defendants' Notice of Removal is timely because it is filed

26

1   within 30 days of Defendants' receipt of the Complaint and within one year of the

2   commencement of this action.  *See also* 28 U.S.C. § 1441(b).

3   <u>**SERVICE OF NOTICE OF REMOVAL ON STATE COURT**</u>

4       13.    Promptly following the filing of this Notice of Removal in the United States

5   District Court for the Western District of Washington, the undersigned will give counsel

6   for Plaintiff written notice of such filing.  A true and correct copy of this notice form is

7   attached hereto as **Exhibit C** (without attachments).  Written notice will also be filed

8   with the Clerk of the Clark County Superior Court.  A true and correct copy of this notice

9   form is attached hereto as **Exhibit D** (without attachments).

10

11       DATED: May 10, 2018

12                            COSGRAVE VERGEER KESTER LLP

13

14                            *s/ Timothy J. Fransen*

15                            Timothy J. Fransen, WSBA #51110
                         tfransen@cosgravelaw.com

16                            888 SW Fifth Avenue, Suite 500
                         Portland, OR 97204

17                            Telephone: (503) 323-9000
                         Fax: (503) 323-9019

18                            Attorneys for Defendants Techtronic

19                            Industries North America, Inc., and One
                         World Technologies, Inc.

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

1

    I hereby certify that on May 10, 2018, I electronically filed the foregoing **NOTICE**

2

**OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** with the Clerk

3

of the Court using the CM/ECF System which will send notification of such filing to the

4

following:

5

Elizabeth J. Myers

6
Cozen O'Connor
999 Third Avenue, Suite 1900

7
Seattle, WA 98104
lmyers@cozen.com

8
        Attorneys for Plaintiff

9
    DATED:  May 10, 2018

10

11
                                           *s/ Timothy J. Fransen*
                                           Timothy J. Fransen

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
Page 1 - **CERTIFICATE OF SERVICE**

C OSGRAVE V ERGEER K ESTER LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, OR 97204
(503) 323-9000

4833-5819-1973

1    2 pgs.                                                **E-FILED**

2                                               **03-13-2018, 12:43**

3                                               **Scott G. Weber, Clerk**

4                                                  **Clark County**

5

6

7          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

8                        FOR CLARK COUNTY

9    VIGILANT INSURANCE COMPANY, as
     subrogee of John and Mary Rundle,
10
11            Plaintiff,
                                          **NO. 18-2-05153-7**
              v.
12                                        **SUMMONS**
     TECHTRONIC INDUSTRIES, CO. LTD;
13   TECHTRONIC INDUSTIRES NORTH
     AMERICA, INC; ONE WORLD
14   TECHNOLOGIES, INC.; RYOBI ELECTRIC
     TOOL MFG., INC; JOHN DOE INDIVIDUALS
15   1-10; and JOHN DOE ENTITIES 1-10,

16            Defendants.

17

18   **TO THE DEFENDANT: ONE WORLD TECHNOLOGIES, INC.**

19        A lawsuit has been started against you in the above-entitled court by Vigilant Insurance

20   Company, as subrogee of John and Mary Rundle. Plaintiff's claim is stated in the written

21   complaint, a copy of which is served upon you with this summons.

22        In order to defend against this lawsuit, you must respond to the complaint by stating your

23   defense in writing, and by serving a copy upon the person signing this summons within sixty

24   (60) days after the service of this summons, excluding the day of service, or a default judgment

25   may be entered against you without notice. A default judgment is one where plaintiff is entitled

26

     SUMMONS - 1                           LAW OFFICES OF
                                           **COZEN O'CONNOR**
                                           A PROFESSIONAL CORPORATION
                                           SUITE 1900
                                           999 THIRD AVENUE
                                           SEATTLE  WASHINGTON 98104
                                           (206) 340-1000

     LEGAL\34746169\1

1  to what it asks for because you have not responded. If you serve a notice of appearance on the

2  undersigned person, you are entitled to notice before a default judgment may be entered.

3      You may demand that the plaintiff file this lawsuit with the court. If you do so, the

4  demand must be in writing and must be served upon the person signing this summons. Within

5  fourteen (14) days after you serve the demand, the plaintiff must file this lawsuit with the court,

6  or the service on you of this summons and complaint will be void.

7      If you wish to seek the advice of an attorney in this matter, you should do so promptly

8  so that your written response, if any, may be served on time.

9      This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

10 State of Washington.

11

12     DATED this 13th day of March, 2018.

13

14                COZEN O'CONNOR

15

16         By: _____

17               Elizabeth J. Myers, WSBA No. 49448
              E-mail:   lmyers@cozen.com
              Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

SUMMONS - 2

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

LEGAL\34746469\1

9 pgs.

**E-FILED**

**03-13-2018, 12:43**

**Scott G. Weber, Clerk**

**Clark County**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR CLARK COUNTY

VIGILANT INSURANCE COMPANY, as
subrogee of John and Mary Rundle,

      Plaintiff,

         v.

TECHTRONIC INDUSTRIES, CO. LTD;
TECHTRONIC INDUSTIRES NORTH
AMERICA, INC; ONE WORLD
TECHNOLOGIES, INC.; RYOBI ELECTRIC
TOOL MFG., INC; JOHN DOE INDIVIDUALS
1-10; and JOHN DOE ENTITIES 1-10,

      Defendants.

NO.  18-2-05153-7

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Vigilant Insurance Company, as subrogee of John and Mary

Rundle (collectively "Plaintiff"), by and through their attorney of record, and complaining

against defendants Techtronic Industries, Co., LTD., Techtronic Industries North America, Inc.,

One World Technologies, Inc., Ryobi Electric Tool Mfg., Inc., John Doe Individuals 1-10, and

Jane Doe Entities 1-10 (collectively "Defendants"), states as follows:

## I.   JURISDICTION AND VENUE

1.    At all relevant times, John and Mary Rundle were owners of the residence located

at 4108 Northwest McIntosh Road, Camas, Washington 98607.

COMPLAINT FOR DAMAGES - 1

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 1800
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

2.      Plaintiff Vigilant Insurance Company ("Vigilant") is a New York corporation with its principal place of business at New York, New York.

3.      The Rundles are insureds of Vigilant Insurance Company under both Homeowners and Automobile insurance policies.

4.      Upon information and belief, Defendant Techtronic Industries Co., LTD. ("TTI") is a Hong Kong corporation, with its principal place of business at Hong Kong. TTI is a multi-national manufacturer of power tools and other consumer products. TTI does substantial business in the United States and Washington State through several wholly-owned American subsidiaries and owns the exclusive right to market Ryobi-brand power tools in the United States.

5.      Upon information and belief, Defendant Techtronic Industries North America, Inc., ("TTI-NA") is a Delaware corporation with its principal place of business at Anderson, South Carolina, that manufactured, distributed, designed, fabricated, and sold or otherwise placed into the stream of commerce in Washington the Ryobi-brand rechargeable battery and battery charger the Rundles purchased which is the subject of this lawsuit. Upon information and belief, TTI-NA is a wholly-owned subsidiary through which TTI manufactures, distributes, and sells Ryobi-brand power tools and equipment.

6.      Upon information and belief, Defendant One World Technologies, Inc., ("One World") is a Delaware corporation with its principal place of business at Anderson, South Carolina, that manufactured, distributed, designed, fabricated, and sold or otherwise placed into the stream of commerce in Washington the Ryobi-brand rechargeable battery and battery charger the Rundles purchased which is the subject of this lawsuit. Upon information and belief, One World is a wholly-owned subsidiary through which TTI manufactures, distributes, and sells Ryobi-brand power tools and equipment.

7.      Upon information and belief, Defendant Ryobi Electric Tool Mfg., Inc., ("Ryobi") manufactured, distributed, designed, fabricated, and sold or otherwise placed into the

COMPLAINT FOR DAMAGES - 2

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1   stream of commerce in Washington the Ryobi-brand rechargeable battery and battery charger
2   the Rundles purchased which is the subject of this lawsuit. Upon information and belief, Ryobi
3   is a wholly-owned subsidiary through which TTI manufactures, distributes, and sells Ryobi-
4   brand power tools and equipment.

5       8.    Certain John Doe Individuals and/or Jane Doe Entities who have yet to be
6   identified with particularity may share in fault for this fire and Plaintiff reserves the right to name
7   said parties at a later date.

8       9.    The actions, damages, and losses that give rise to this Complaint were committed
9   or occurred in Camas, Clark County, Washington, and exceed $1,363,520.31. Venue is thus
10   proper under RCW 4.12.020. Likewise, jurisdiction is proper under RCW 2.080.010.

11   **II.   FACTS**

12       10.    On March 18, 2016, a fire occurred at John and Mary Rundle's residence located
13   at 4108 Northwest McIntosh Road in Camas, Washington. The fire damaged the Rundles' home,
14   vehicles, and other personal property.

15       11.    Investigation subsequent to the loss confirmed that the fire was caused by a
16   malfunctioning Ryobi lithium ion rechargeable battery Model P102 and/or Ryobi battery charger
17   Model P118 located on a work bench in the Rundles' garage and in the fire area of origin.

18       12.    The insured states that he had placed the Ryobi battery in the battery charger
19   shortly before the fire.

20       13.    Two 18 volt Ryobi batteries were found with the Ryobi charger in the fire area
21   of origin. One of the Ryobi battery cells explosively vented, thereby causing the fire.

22       14.    The Ryobi charger and batteries were new, purchased by Mr. Rundle in the
23   manufacturer's original packaging as new a few months before the fire occurred.

24       15.    The Ryobi charger and battery were the only items energized and the only viable
25   causes of this fire at the time the fire occurred.

26

COMPLAINT FOR DAMAGES - 3

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1800
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

16.    All witness and physical evidence available indicate that the fire started at the workbench where the Ryobi charger was charging the Ryobi battery and then spread to the remainder of the home.

17.    Upon information and belief, Defendants either collectively, or individually, manufactured, distributed, designed, fabricated and sold or otherwise placed into the stream of commerce the malfunctioning Ryobi-brand rechargeable battery and battery charger.

18.    Under the Rundles' insurance policy, Vigilant has and will make payments to its insureds covering the damages they sustained because of the fire.  Vigilant is equitably, contractually, and legally subrogated to the rights and remedies that its insureds may have against third parties to the extent of Vigilant's payments under the policy.

19.    As a result of Defendants' actions, Plaintiff has incurred damages in an amount to be proven at trial currently believed to be no less than $1,363,520.31.

### III.    FIRST CAUSE OF ACTION: STRICT PRODUCTS LIABILITY

(Against all Defendants)

20.    Plaintiff realleges all preceding paragraphs as though set forth fully here.

21.    As subrogee of its insureds, Plaintiff Vigilant is properly classified as a "claimant" under RCW 7.72.010(5) for the purpose of this lawsuit.

22.    Each defendant is properly classified as a "manufacturer" under RCW 7.72.010(2) because it designed, produced, made, fabricated, constructed, or remanufactured the subject Ryobi-brand rechargeable battery and/or battery charger for sale to a user or consumer.

23.    Each defendant is properly classified individually as a "manufacturer" under RCW 7.72.010(2) because it holds itself out, through its trade name and/or brand name as the manufacturer of the subject Ryobi-brand rechargeable battery and/or battery charger.

24.    The Ryobi-brand rechargeable battery and/or battery charger were not reasonably safe in design in that the foreseeability that the battery and/or charger could ignite and/or ignite

COMPLAINT FOR DAMAGES - 4

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1  nearby items during normal, expected, and foreseeable use outweighed the burden on

2  Defendants to design their product in such a manner that it would not create an unreasonable fire

3  hazard.

4       25.     The Ryobi-brand rechargeable battery and/or battery charger were not reasonably

5  safe because adequate warnings and/or instructions were not provided, designed, or located in

6  such a manner as to adequately warn ultimate users of the risk associated with the normal and

7  foreseeable use of the products.  Further, the seriousness of such injury and hazard rendered

8  Defendants' warnings or instructions, or lack thereof, inadequate and Defendants could have

9  provided warnings or instructions that would have been adequate.

10      26.     The Ryobi-brand battery and/or battery charger were not reasonably safe because

11  adequate warnings and/or instructions were not provided when Defendants or an otherwise

12  prudent manufacturer should have understood the hazards inherent in normal and foreseeable

13  use of the rechargeable battery and/or battery charger.

14      27.     The Ryobi-brand rechargeable battery and/or battery charger were not reasonably

15  safe because an ordinary consumer does not contemplate that using such a product in a normal

16  and foreseeable manner will result in its combustion, start a fire, and thereby cause substantial

17  property damage.

18      28.     Defendants are strictly liable under RCW 7.72.030 for the damages here alleged

19  because they were proximately caused by the fact that the subject Ryobi-brand rechargeable

20  battery and/or battery charger were not reasonably safe in their construction and/or were

21  defectively designed and/or because Defendants failed to issue adequate warnings and/or

22  instructions that would have prevented the previously described loss from occurring.

23      29.     Defendants are strictly liable under RCW 7.72.030(1) and RCW 7.72.040(1)

24  because the subject fire was proximately caused by Defendants' negligence.

25      30.     Defendants are strictly liable under RCW 7.72.040(2) in the event that no solvent

26  manufacturer is subject to service of process.

COMPLAINT FOR DAMAGES - 5

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

31. Defendants are strictly liable under RCW 7.72.040(2) because if Defendants did not manufacture the Ryobi-brand rechargeable battery and/or battery charger, it is highly probable that Plaintiff would be unable to enforce a judgment against any manufacturer.

32. Defendants are strictly liable under RCW 7.72.040(2) because the Ryobi-brand rechargeable battery and/or battery charger were marketed under its trade name and/or brand name.

33. As a result of Defendants' actions or inaction, Plaintiff has incurred damages and losses in an amount to be proven at trial.

## IV.   SECOND CAUSE OF ACTION: NEGLIGENCE

### (Against all Defendants)

34. Plaintiff realleges all preceding paragraphs as though set forth fully here.

35. Defendants owed a duty to Plaintiff to exercise reasonable care in the design, assembly, manufacture, distribution, warning, and sale of the Ryobi-brand rechargeable battery and battery charger.

36. Defendants breached their duties by negligently and carelessly designing, assembling, manufacturing, distributing, warning, and/or selling the Ryobi-brand rechargeable battery and/or battery charger.

37. Defendants' aforementioned breaches have resulted in Plaintiff incurring damages.

38. The fire resulted through no fault of Vigilant's insured because they used the products in an appropriate, reasonably prudent, and foreseeable manner.

39. As a direct and proximate result of Defendants' breaches of their duties owed to Plaintiff, Plaintiff suffered damages from the fire.

COMPLAINT FOR DAMAGES - 6

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1800
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

## V.   THIRD CAUSE OF ACTION: BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

### (Against all Defendants)

40.   Plaintiff realleges all preceding paragraphs as though set forth fully here.

41.   Defendants warranted that the Ryobi-brand rechargeable battery and/or battery charger were merchantable under RCW 62A.2-314 and fit for a particular purpose under RCW 62A.2-315.

42.   Defendants breached these warranties because the Ryobi-brand rechargeable battery and/or battery charger were defective in design and/or manufacturing.

43.   As a direct and proximate result of Defendants' breaches of its warranties, Plaintiff suffered damages from the fire.

## VI.   FOURTH CAUSE OF ACTION: VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT

### (Against all Defendants)

44.   Plaintiff realleges all preceding paragraphs as though fully set forth herein.

45.   The subject Ryobi-brand rechargeable battery and/or battery charger are consumer products in that they are items of tangible personal property used for personal purposes distributed in commerce.

46.   Defendants are the warrantors of the subject Ryobi-brand rechargeable battery and/or battery charger in that they are a supplier or other person who gives or offers to give a written warranty or an implied warranty.

47.   Defendants did not meet the conditions of the implied or expressed warranty in that the subject Ryobi-brand rechargeable battery and/or battery charger did not conform to the representation by Defendants that they were fit for use as a battery and/or battery charger because the subject Ryobi products were designed, manufactured, sold, distributed, and introduced into the stream of commerce by Defendants as defective and susceptible to catching fire.

COMPLAINT FOR DAMAGES - 7

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1800
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

48.     Plaintiff notified Defendants of the defective condition of the Ryobi-brand rechargeable battery and/or battery charger.

49.     Because Defendants' breached their implied or expressed warranties, Plaintiff was damaged.

## VII.   FIFTH CAUSE OF ACTION: LIABILITY

(Against John Doe Individuals 1-10 & Jane Doe Entities 1-10)

50.     Plaintiff reallages all preceding paragraphs as though fully set forth herein.

51.     The subject Ryobi-brand rechargeable battery and/or battery charger that caused the fire contained several components, instructions, and written materials which may have caused and/or contributed to the cause of the fire.

52.     The subject Ryobi-brand rechargeable battery and/or battery charger, and their component parts, instructions and written materials may have been designed, manufactured, branded and/or distributed by other parties, whose identity is currently unknown to Plaintiff.

53.     If said potentially responsible parties are later identified and subject to jurisdiction, service of process and enforcement of judgment under Washington law, Plaintiff have identified John Doe Individuals 1-10 and Jane Doe Entities 1-10 and will amend its Compliant to substitute said parties in their stead.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A)     For damages to property in an amount to be proven at trial;

B)     For Plaintiff's costs and expenses incurred herein;

C)     For reasonable attorneys' fees as allowed by law;

D)     For prejudgment interest as allowed by law from the date of the incident up until the time of judgment is rendered herein; and

COMPLAINT FOR DAMAGES - 8

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

1    E)    For such other and further relief as the Court deems just and equitable in the

2  circumstances.

3    DATED this 13th day of March, 2018.

4                                    COZEN O'CONNOR

5

6                        By: _____

7                            Elizabeth J. Myers, WSBA No. 49448
                             E-mail:   lmyers@cozen.com
8                            Attorney for Plaintiff

   LEGAL\34667882\1 00012.0006.000/384622.000
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES - 9

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 1900
999 THIRD AVENUE
SEATTLE, WASHINGTON 98104
(206) 340-1000

# *State Of Delaware*

Entity Details

5/9/2018   6:11:55PM

| | | | |
|---|---|---|---|
| File Number: | 2115940 | Incorporation Date / Formation Date: | 1/27/1987 |
| Entity Name: | RYOBI ELECTRIC TOOL MFG., INC. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |
| Status: | Merged | Status Date: | 12/31/1995 |

**Registered Agent Information**

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY | | |
| Address: | CORPORATION TRUST CENTER | | |
| City: | WILMINGTON | Country: | |
| State: | DE | Postal Code: | 19801 |
| Phone: | 302-658-7581 | | |

Exhibit B - Page 1 of 1

1

2

3

4

5

6                     SUPERIOR COURT OF WASHINGTON

7                          FOR CLARK COUNTY

| | |
|---|---|
| 8  VIGILANT INSURANCE COMPANY, as<br>      subrogee of John and Mary Rundle, | Case No. 18-2-05153-7 |
| 9 | |
| 10             Plaintiff, | |
| 11        v. | |
| 12  TECHTRONIC INDUSTRIES, CO. LTD.;<br>TECHTRONIC INDUSTRIES NORTH | **NOTICE TO ADVERSE PARTY OF<br>REMOVAL TO FEDERAL COURT** |
| 13  AMERICA, INC.; ONE WORLD<br>TECHNOLOGIES, INC.; RYOBI ELECTRIC | |
| 14  TOOL MFG., INC.; JOHN DOE<br>INDIVIDUALS 1-10; and JOHN DOE | |
| 15  ENTITIES 1-10, | |
| 16             Defendants. | |

17  TO:    Plaintiff Vigilant Insurance Company and its Attorneys

18         PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

19  United States District Court, Western District of Washington, Tacoma Division, on May

20  10, 2018.  The Notice of Removal is attached to this Notice, and is served and filed

21  herewith.

22

23  / / /

24

25  / / /

26

Page 1 -  **NOTICE TO ADVERSE PARTY OF REMOVAL TO<br>FEDERAL COURT**

Cosgrave Vergeer Kester LLP<br>Attorneys<br>888 SW Fifth Avenue, Suite 500<br>Portland, Oregon 97204<br>Telephone: (503) 323-9000<br>Facsimile: (503) 323-9019

4832-9239-3829

Exhibit C - Page 1 of 2

1    DATED:  May 10, 2018.

2                                          COSGRAVE VERGEER KESTER LLP

3

4                                          _____
                                           Timothy J. Fransen, WSBA No. 51110
5                                          tfransen@cosgravelaw.com
                                           Telephone: 503-323-9000
6                                          Fax: 503-323-9019

7                                          Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 -  **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

4832-9239-3829

Exhibit C - Page 2 of 2

1

2

3

4

5

6              SUPERIOR COURT OF WASHINGTON

7                   FOR CLARK COUNTY

8   VIGILANT INSURANCE COMPANY, as          Case No. 18-2-05153-7
    subrogee of John and Mary Rundle,
9
10                  Plaintiffs,

11              v.
                                            **NOTICE TO CLERK OF COURT OF**
    TECHTRONIC INDUSTRIES, CO. LTD.;        **REMOVAL OF ACTION**
12  TECHTRONIC INDUSTRIES NORTH
    AMERICA, INC.; ONE WORLD
13  TECHNOLOGIES, INC.; RYOBI ELECTRIC
    TOOL MFG., INC.; JOHN DOE
14  INDIVIDUALS 1-10; and JOHN DOE
    ENTITIES 1-10,
15
16                  Defendants.

17  TO:    THE CLERK OF THE CLARK COUNTY SUPERIOR COURT

18         PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the

19  United States District Court for the Western District of Washington on May 10, 2018,

20  under Federal Court Case No. _____.  A copy of the Notice of Removal

21  is attached hereto as Exhibit A.

22

23  / / /

24

25  / / /

26

    Page 1 -  **NOTICE TO CLERK OF COURT OF REMOVAL OF**
               **ACTION**

                                            Cosgrave Vergeer Kester LLP
                                            Attorneys
                                            888 SW Fifth Avenue, Suite 500
                                            Portland, Oregon 97204
                                            Telephone: (503) 323-9000
                                            Facsimile: (503) 323-9019
                         4847-1917-8085

1    DATES:  May 10, 2018.

2                                          COSGRAVE VERGEER KESTER LLP

3

4                                          _____
                                           Timothy J. Fransen, WSBA No. 51110
5                                          tfransen@cosgravelaw.com
                                           Telephone: 503-323-9000
6                                          Fax: 503-323-9019

7                                          Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 -  **NOTICE TO CLERK OF COURT OF REMOVAL OF ACTION**

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

4847-1917-8085